# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 26-cr-103(1) (NEB/SGE) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION AND ORDER** |
| Lamar Javis Burgess, | |
| Defendant. | |

This case is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for a report and recommendation on Defendant Lamar Javis Burgess's Motion for Separate Trials as to Counts 1-7 and Count 8 and Severance of Co-Defendant Lamar Dazjar Burgess. (Dkt. 35.) Also before the Court is the Government's Motion for Discovery. (Dkt. 25.) By agreement of the parties, the Court will decide the Motions on the papers.

## BACKGROUND

On May 20, 2026, Defendant Lamar Javis Burgess was indicted on one count of Conspiracy to File False Claims under 18 U.S.C. § 286 and six counts of False Claims under 18 U.S.C. § 287, along with his co-defendant Lamar Dazjar Burgess.[1] (Dkt. 1, at 2-

---

[1] The Burgesses are father and son. To avoid confusion, the Court will refer to the movant, Defendant Lamar Javis Burgess, as Mr. Burgess, Sr. and his son, Defendant Lamar Dazjar Burgess, as Mr. Burgess, Jr.

5.)  Mr. Burgess, Sr. was also indicted on one count of Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1).  (Dkt. 1, at 6.)

With respect to the False Claims counts, the Indictment alleges from June 2022 until about October 2024, Defendants conspired to defraud and did defraud the United States "by obtaining and aiding to obtain the payment and allowance of false, fictitious, and fraudulent claims for refunds of taxes against the IRS."  (Dkt. 1, ¶ 7.)  This allegedly entailed preparing fraudulent Forms 1040 on behalf of themselves and others claiming refunds and tax credits they were not entitled to receive.  (*Id.* ¶ 8(c)-(j).)

It is alleged that during the relevant period, the Burgesses lived in the same home in Golden Valley, Minnesota.  (Dkt. 35, at 5.)  On October 24, 2024, law enforcement secured a warrant to search the Golden Valley property for "all evidence, fruits, and/or instrumentalities of violations" of the False Claims statute.  (Gov't Ex. 4.)   The warrant was executed on October 28, 2024.  (*Id.* Ex. 1.)  Among other items, the search yielded a firearm with a loaded magazine located in a bedroom along with evidence relating to the tax fraud.  (*Id.* Exs. 1, 3.)  The firearm was reported stolen on February 2, 2022, while the alleged tax fraud conspiracy was ongoing.  (*Id.* Ex. 1, at 1-2.)  DNA and forensic testing revealed Defendant as a possible contributor to the DNA mixture found on the firearm.[2] (*Id.* at 35-36).

Further investigation revealed that cellular phones, computers, and documents, also seized during the search, linked Mr. Burgess, Sr. to the alleged tax-fraud conspiracy.  For

---

[2]  Law enforcement secured an additional warrant to seize the firearm after it was discovered.  (Gov't Ex. 1, at 45.)

2

example, text messages indicated that Mr. Burgess, Sr.'s cellular phone received TurboTax codes and the status of allegedly fraudulent income tax returns filed with the IRS. (Gov't Ex. 7, at 4-5). In addition, law enforcement was able to determine that multiple fraudulent tax returns had been filed from the Golden Valley address under the name James Wells, which is alleged to be Mr. Burgess, Sr.'s alias. (*Id.* at 6-9.)

Mr. Burgess, Sr. now moves under Federal Rule of Criminal Procedure 14(a) to sever Mr. Burgess, Jr. from the Indictment and for a separate trial for the firearm charge. The Government opposes.

## ANALYSIS

### I.      Motion to Sever Mr. Burgess, Jr.

Mr. Burgess, Sr. requests that the Court sever his co-defendant Mr. Burgess, Jr. from the case. He contends that the jury will not be able to compartmentalize evidence as to each co-defendant and that he will be prejudiced by a joint trial. Mr. Burgess, Jr. does not join in this request, nor has he filed his own motion to sever.

An indictment may charge multiple defendants "if they are alleged to have participated in the same act or transaction, or the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "All defendants need not be charged in each count." *Id.* "The rules are to be liberally construed in favor of joinder" and "[t]he presumption against severing properly joined cases is strong." *United States v. Ruiz*, 412 F.3d 871, 886-87 (8th Cir. 2005)."

3

"Generally, persons charged in a conspiracy should be tried together, especially when proof of the charges against the defendants is based upon the same evidence and acts." *United States v. Mueller,* 661 F.3d 338, 347 (8th Cir. 2011) (quotation and citation omitted). A joint trial "gives the jury the best perspective on all of the evidence and, therefore, increases the likelihood of a correct outcome." *United States v. Pherigo,* 327 F.3d 690, 693 (8th Cir. 2003) (quotation and citation omitted).

Even if defendants are properly joined, a defendant may seek severance if the joinder "appears to prejudice [the] defendant." Fed. R. Crim. P. 14(a). "Defendants may show real prejudice to their right to a fair trial by demonstrating that their defense is irreconcilable with a codefendant's defense, or the jury will be unable to properly compartmentalize the evidence as it relates to the separate defendants." *United States v. Young*, 753 F.3d 757, 777 (8th Cir. 2014) (quotation and citation omitted). "Courts consider the complexity of the case and the adequacy of admonitions and instructions of the trial judge when determining the jury's ability to compartmentalize the evidence." *United States v. Nunn*, No. 22-CR-303 (ECT/DJF), 2023 WL 4348708, at * 2 (D. Minn. July 5, 2023).

The Court first notes that the Burgesses were properly joined in the Indictment. They are both named as co-conspirators in Count 1 and are alleged to have committed crimes in furtherance of the conspiracy in Count 2-7. The Indictment therefore sufficiently alleges that they participated in "the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b).

With respect to severance, the Court does not find Mr. Burgess, Sr.'s position to be persuasive. He first argues that because he and Mr. Burgess, Jr. lived together and are alleged to have jointly undertaken a complex tax fraud, the jury will have difficulty reaching independent verdicts as to each of them. The Court does not share Mr. Burgess, Sr.'s concern. The jury will be instructed to consider the evidence against each defendant separately. Mr. Burgess, Sr. has not shown that the jury will be unable to follow such an instruction, nor can he. In a similar case, the Eighth Circuit Court of Appeals held that the mere fact that the co-defendants were married and lived together did not cause the jury to use evidence relating to one spouse against the other, particularly given the court's cautionary instructions. *United States v. Jones*, 880 F.2d 55, 63 (1989). Moreover, the case does not appear to be so complicated that the jurors are likely to be confused or unable to compartmentalize the evidence. To mitigate any possible confusion, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Mr. Burgess, Sr. vaguely argues that he will be prejudiced because the jury will hear conflicting testimony and defenses. "The existence of antagonistic defenses does not require severance unless the defenses are actually irreconcilable." *United States v. Johnson*, 944 F.2d 396, 402-03 (8th Cir. 1991) (citing *Jones,* 880 F.2d at 63). A "defense is irreconcilable when the jury, to believe the core of one defense, must necessarily disbelieve the core of another." *Id.* "The mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." *Id.*

Here, Mr. Burgess, Sr. has failed to show that his defense will be irreconcilable with his son's defense. He simply speculates that they might be at odds, thereby prejudicing his defense. This explanation is insufficient to meet the high bar for severance.

## II.    Motion to Sever Firearm Count

Mr. Burgess, Sr. also seeks to sever the firearm charge from the trial, arguing that it is wholly unrelated to the tax fraud charges and will cause him prejudice if included. Although perhaps a closer call, the Court again disagrees.

Two or more counts against a defendant may be properly joined "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common plan." Fed. R. Crim. P. 8(a). Courts construe Rule 8(a) "broadly in favor of joinder to promote judicial efficiency." *United States v. Mink*, 9 F.4th 590, 603 (8th Cir. 2021).

The Court first turns to whether joinder of Counts 1-7 and 8 is appropriate. The Indictment alleges that Mr. Burgess, Sr. possessed the firearm in October 2024, during the alleged tax fraud scheme. (Dkt. 1.) Although the counts differ in nature, the proximity in time supports a finding that they are connected, as does the fact that the firearm was found during the search of the Golden Valley residence near evidence relating to the tax fraud counts. Under these circumstances, all counts in the Indictment are properly joined.

Mr. Burgess, Sr. argues that, even if properly joined, the firearm count must be severed to avoid prejudice. The Eighth Circuit has "upheld refusals to sever felon-in-possession counts absent a clear showing of prejudice." *United States v. Rock*, 282 F.3d 548, 552 (8th Cir. 2002); *United States v. Kind*, 194 F.3d 900, 906 (8th Cir. 1999).

6

Prejudice "occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that he would have had in a severed trial." *United States v. Koskela,* 86 F.3d 122, 126 (8th Cir. 1996). The defendant bears the burden of establishing prejudice. *United States v. Humphreys*, 982 F.2d 254, 259 (8th Cir. 1992). Mr. Burgess, Sr. has failed to do so.

He suggests that the jury may be tainted by hearing about his predicate felony offenses and thereby determine that he must be guilty of all the charges. Any such prejudice is speculative and can be mitigated by cautions and limiting instructions to the jury.[3] *See United States v. Caldwell*, 97 F.3d 1063, 1068 (8th Cir. 1996) ("[T]here was little possibility that the jury was confused about the evidence related to each count in light of the cautionary instruction given by the district court.").

Mr. Burgess, Sr. also argues that Mr. Burgess, Jr. will provide exculpatory testimony on his behalf if – and only if - the firearm charge were to be tried separately. This argument, too, is speculative. Mr. Burgess, Jr. has not submitted an affidavit stating his willingness to testify nor has he joined in Defendant's Motion.

The Courts further finds that it would be inefficient to try the firearm count separately. The firearm was found during a search of Mr. Burgess, Sr.'s home in the same location where law enforcement found evidence of the alleged tax-fraud conspiracy. Additionally, the same search, the same law enforcement witnesses, and much of the same

---

[3] Mr. Burgess, Sr. may also choose to stipulate to the predicate offenses to avoid any possible prejudice. *States v. Mink*, 9 F.4th 590, 605 (8th Cir. 2021); *United States v. Kind*, 194 F.3d 900, 906 (8th Cir. 1999).

evidence would be considered by the jury in both trials.  The factual narrative the jury will hear necessarily includes what law enforcement seized during the search and how the evidence ties together.[4]  Under these circumstances, having two fragmented trials does not make sense.

### RECOMMENDATION

Based on the file, record, and proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that Defendant Lamar Javis Burgess's Motion to Sever (Dkt. 35) be **DENIED**.

### ORDER

1.    The Government's Motion for Discovery (Dkt. 25) is **GRANTED**; and

2.    The deadlines for all discovery requests are set forth in the Pretrial Scheduling and Case Management Order (Dkt. 29).

Dated: August 11, 2026                    *s/Shannon G. Elkins*
                                          SHANNON  G. ELKINS
                                          United States Magistrate Judge

### NOTICE

---

[4] Mr. Burgess, Sr. suggests that the firearm bears no relationship to the tax fraud, but the government has spoken to a witness who alleges that at least one of the codefendants was armed with a firearm when they arrived at her mother's house to collect proceeds from a fraudulent tax filing.  (Gov't Ex. 6, at 28-29, 33-34.)  If borne out, this could establish that the firearm was used in furtherance of the tax fraud scheme.

8

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).